JUDGE BAER          06 CV 7116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN VOLK-WEISS,

                Plaintiff,                    :

      -v.-                                             :

McMAHON GROUP LIMITED PARTNERSHIP,        :
d/b/a McMAHON PUBLISHING GROUP, d/b/a     :
THE McMAHON GROUP

                Respondent.                   :
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS**
**TRIAL BY JURY**

RECEIVED
SEP 1 5 2006
U.S.D.C. S.D. N.Y.

ECF Case

Plaintiff, by her attorneys, Broach & Stulberg, LLP, complaining of defendant, alleges:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action to remedy discrimination on the basis of disability, perceived disability and age, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621, et seq., and the New York States Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296, et seq., and to remedy retaliation, in violation of the ADA, 42 U.S.C. § 12203(a), and the NYSHRL, N.Y. Exec. L. § 296(1)(e).

2.      Plaintiff seeks injunctive and declaratory relief, damages, and other appropriate legal and equitable relief, pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 12117, 29 U.S.C. § 626(b), N.Y. Exec. L. § 297(4)(c) and (9), and all other applicable federal and state laws.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court over plaintiff's ADA claims is invoked pursuant to 42 U.S.C. §§ 2000e-5 and 12117 and 28 U.S.C. §§ 1331 and 1343(a)(4).

4.      Jurisdiction of this court over plaintiff's ADEA claims is invoked pursuant to 29

U.S.C. § 626(c) and 28 U.S.C. §§ 1331 and 1343(a)(4).

5.      Jurisdiction of this Court over plaintiff's NYSHRL claims is invoked pursuant to

28 U.S.C. § 1367(a), in that the NYSHRL claims are so related to plaintiff's ADA and ADEA

claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper within this District, pursuant to 28 U.S.C. § 1391(b), in that the

unlawful employment practices complained of herein occurred within this District and defendant

conducts business in, has offices in and can be found in this District.

7.      Plaintiff has complied with all administrative requisites of the ADEA and the

ADA. On February 23, 2006, she timely filed a Charge of Discrimination against defendant

McMahon Group Limited Partnership, d/b/a McMahon Publishing Group, d/b/a The McMahon

Group ("defendant") with the United States Equal Employment Opportunity Commission

("EEOC") and the New York State Division of Human Rights ("NYSDHR"), complaining of the

acts of discrimination on the bases of disability, perceived disability and age and retaliation

alleged herein. On June 25, 2006, plaintiff received a Notice of Right to Sue from the EEOC.

**PARTIES**

8.      Plaintiff resides at 141 Greenway South, Forest Hills, New York 11375. At all

relevant times herein, plaintiff was employed by defendant.

9.      Plaintiff's date of birth is April 5, 1947.

10.     In or around 1995, plaintiff was diagnosed with Multiple Sclerosis ("MS"), a

degenerative neurological disease. Plaintiff's MS substantially limits one or more of her major

life activities including, but not limited to, walking. Upon information and belief, defendant

perceived plaintiff to be substantially limited in one or more of her major life activities. MS is a

2

disability within the meaning of 42 U.S.C. § 12102(2)(A) and (C) and N.Y. Exec. L. § 292(21)(a) and (c).

11.     Defendant is a Connecticut limited partnership having and/or having had its principal place of business at 545 West 45th Street, New York, New York 10036.

12.     Defendant is engaged in the business of publishing magazines and other types of publications for medical professionals.  Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 630(b), and N.Y. Exec. L. § 292(5), and a "covered entity," within the meaning of 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

13.     Plaintiff holds a Ph.D. in biochemistry and cell biology from St. John's University, a Master of Science degree from St. John's University, and a Bachelor of Arts degree from Queens College.   Plaintiff has twenty years of experience in the scientific publishing field.

14.     Plaintiff commenced employment with defendant in September 1995 as a part-time Copy Editor.  In or around 1997, plaintiff became a full-time Copy Editor.

15.      In or around February 2000, defendant promoted plaintiff to Copy Chief.  As Copy Chief, plaintiff supervised a staff of up to seven Copy Editors and was responsible for ensuring the consistency, accuracy, style, grammar, spelling and punctuation of the content of defendant's publications.

16.     Before the events giving rise to this action, plaintiff regularly received favorable performance reviews.  Those reviews, which were completed by plaintiff's supervisors, colleagues, and subordinates, praised plaintiff's managerial, leadership, organizational, editorial, and time-management skills in the position of Copy Chief.  In January 2001, plaintiff received

3

defendant's Associate Editor/Copy Editor of the Year Award.

17.     In or around November 2002, plaintiff was briefly hospitalized for a condition related to her MS. At that time, plaintiff told defendant's General Manager and Editorial Director that she had MS. Upon information and belief, prior to telling said managers of her condition, defendant's senior management did not know that plaintiff had MS.

18.     In or around June 2003, in plaintiff's performance review, defendant's Editorial Director criticized plaintiff for having a "negative attitude" and stated that plaintiff's MS may "color her daily mood." The Editorial Director further suggested that, if the "day-to-day trafficking job of the copy chief significantly increases her level of stress, it may be that that job is not something she should really do, *for her own sake.* " (Emphasis in original.) That review was circulated to defendant's President and General Manager.

19.     In or around May 2004, in plaintiff's performance review, defendant's Editorial Director again referred to plaintiff's medical condition as adversely affecting her work performance. Plaintiff told the Editorial Director that her medical condition did not affect her performance and should not be referenced in her review. The Editorial Director grudgingly agreed to remove the reference from the review.

20.     In or around April 2005, when plaintiff asked defendant's Editorial Director for feedback on her performance, he replied, "Everything seems okay; nothing major."

21.     On or about May 2, 2005, however, defendant's Editorial Director and President summarily discharged plaintiff, stating that she was "really not cut out for management."

22.     On or about May 4, 2005, defendant withdrew the discharge, and instead demoted plaintiff to Senior Copy Editor and withheld her annual salary increase. Defendant's President

4

told plaintiff that her performance would be reviewed within three months. The same day, upon

information and belief, the President and Editorial Director falsely told the Copy Editors whom

plaintiff had supervised that she was stepping down from her position because she was "getting

closer to retirement and wanted less stress."

23.     Defendant replaced plaintiff as Copy Chief with a less qualified and less

experienced subordinate, who, upon information and belief, is under age 40 and is not disabled or

perceived to be disabled.

24.     After demoting plaintiff, defendant refused to assign her any substantive copy

editing work and, at times, did not assign her any work. The Copy Chief ignored plaintiff and

rebuffed her questions about her lack of substantive work assignments. Defendant also did not

review plaintiff's work performance as promised.

25.     On or about August 24, 2005, plaintiff complained to defendant's President about

her lack of work, her treatment by the new Copy Chief, and defendant's failure to conduct a

performance review. Plaintiff further expressed her good faith belief that defendant had demoted

and marginalized her because of her MS, and stated that her medical condition had not affected

her work performance. The President stated that he would look into plaintiff's complaints.

26.     On or about August 29, 2005, defendant summarily terminated plaintiff's

employment. Defendant attributed the termination to "serious problems" that had arisen since

plaintiff's demotion, even though she had received no substantive work assignments and no

performance review during that time. Defendant also did not identify the purported "serious

problems."

27.     At all relevant times, plaintiff remained fully able and qualified to perform the

5

jobs of Copy Chief and Senior Copy Editor.

## AS AND FOR A FIRST CAUSE OF ACTION

### Disability Discrimination in Violation of the ADA

28.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 as if recited at length herein.

29.     At all relevant times, plaintiff was able to perform the material functions of her job with or without reasonable accommodation. Accordingly, plaintiff is a qualified individual with a disability, within the meaning of 42 U.S.C. §§ 12111(8).

30.     Upon information and belief, defendant took the adverse actions described in paragraphs 13 through 27 of this Complaint because of plaintiff's disability and perceived disability.

31.     Defendant, by the actions described in paragraphs 13 through 27, has unlawfully discriminated against plaintiff on the basis of disability and perceived disability, in violation of 42 U.S.C. § 12112.

32.     Upon information and belief, defendant committed the unlawful acts described in paragraphs 13 through 27 with malice and/or with reckless indifference to the federally protected rights of the aggrieved individual.

33.     Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory acts unless and until this Court grants the relief requested herein.

34.     No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

6

**Age Discrimination in Violation of the ADEA**

35.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of the Complaint as though recited at length herein.

36.    Upon information and belief, defendant took the adverse actions described in paragraphs 13 through 27 of this Complaint because of plaintiff's age.

37.    Defendant, by the actions described in paragraphs 13 through 27, has unlawfully discriminated against plaintiff on the basis of age in violation of 29 U.S.C. § 623.

38.    Defendant's violations of the ADEA were willful, within the meaning of 29 U.S.C. § 626(b).

39.    Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory acts unless and until this Court grants the relief requested herein.

40.    No previous application has been made for the relief requested herein.

## AS AND FOR A THIRD CAUSE OF ACTION

**Disability, Perceived Disability and Age Discrimination in Violation of the NYSHRL**

41.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 as if recited at length herein.

42.    Defendant took the adverse actions described in paragraphs 13 through 27 of this Complaint because of plaintiff's disability, perceived disability and age.

43.    Defendant, by the discriminatory acts alleged in paragraphs 13 through 27, has violated the NYSHRL, N.Y. Exec. L. § 296(1)(a).

44.    Plaintiff has suffered, is now suffering and will continue to suffer irreparable

7

injury and monetary damages as a result of defendant's discriminatory acts unless and until this Court grants the relief requested herein.

45.    No previous application has been made for the relief requested herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Unlawful Retaliation in Violation of the ADA

46.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 as if recited at length herein.

47.    Plaintiff engaged in activity protected under the ADA, by complaining to defendant about the discriminatory actions described in paragraphs 13 through 24 of this Complaint.

48.    Defendant was aware of the protected activity described in paragraphs 25 and 26.

49.    Upon information and belief, defendant took the adverse actions referenced in paragraphs 25 and 26, because plaintiff opposed the discriminatory practices described in paragraphs 13 through 24.

50.    Defendant, through the actions referenced in 25 and 26, has unlawfully retaliated against plaintiff, in violation of the ADA, 42 U.S.C. § 12203(a).

51.    Upon information and belief, defendant committed the unlawful acts described in paragraphs 13 through 27 with malice and/or with reckless indifference to the federally protected rights of the aggrieved individual.

52.    Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory acts unless and until this Court grants the relief requested herein.

8

53.     No previous application has been made for the relief requested herein.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Unlawful Retaliation in Violation of the NYSHRL

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 as if recited at length herein.

55.     Plaintiff engaged in activity protected under the NYSHRL, by complaining to defendant about the discrimination described in paragraphs 13 through 24 of this Complaint.

56.     Defendant was aware of the protected activity described in paragraphs 25 and 26.

57.     Upon information and belief, defendant took the adverse actions referenced in paragraphs 25 and 26, because plaintiff opposed the discriminatory practices described in paragraphs 13 through 24 herein.

58.     Defendant, through the actions referenced in paragraphs 25 and 26, has unlawfully retaliated against plaintiff, in violation of the NYSHRL, N.Y. Exec. L. § 296(1)(e).

59.     Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory acts unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

(a)     declaring that the acts and practices complained of herein are in violation of the ADA, ADEA, and the NYSHRL;

(b)     enjoining and permanently restraining the violations alleged herein;

9

(c)     directing defendant to reinstate plaintiff to the position she would have occupied, but for defendant's discriminatory treatment, and to make her whole for all earnings and benefits she would have received but for defendant's discriminatory treatment, including, but not limited to, wages, bonuses, pension benefits, life and accident insurance benefits, stock options and all other benefits and compensation;

(d)     directing defendant to pay plaintiff compensatory and punitive damages, including, but not limited to, damages to reputation, humiliation and mental anguish, as provided for in 42 U.S.C. § 12117, 42 U.S.C. § 1981a(a)(1)(2) and (b)(1)(2), 42 U.S.C. § 2000e-5(g), and N.Y. Exec. L. § 297(4)(c) and (9);

(e)     directing defendant to pay plaintiff an additional amount of liquidated damages, as provided for in 29 U.S.C. § 626(b);

(f)     awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided for in 42 U.S.C. § 12117, 42 U.S.C. § 2000e-5(k); 29 U.S.C. § 626(b); and N.Y. Exec. L. § 297(4)(c); and

(g)     granting such other and further relief as this Court deems necessary and proper.

Dated: September 15, 2006
       New York, New York

                        BROACH & STULBERG, LLP
                        Attorneys for Plaintiff

                        By:
                           Judith P. Broach (JB4041)
                        One Penn Plaza, Suite 2016
                        New York, New York 10119
                        (212) 268-1000

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by Jury in the above-captioned action.

11